UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DEALIO DESHONE PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:21-cv-511-MHH-GMB |
| JEREMY HERD, *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

On April 7, 2022, the Magistrate Judge entered an order in which he indicated that he would treat the defendants' special report as a motion for summary judgment. (Doc. 27). The Magistrate Judge ordered Mr. Phillips to respond to the motion within 21 days, and the Magistrate Judge explained to Mr. Phillips the steps he (Mr. Phillips) would need to take to comply with Rule 56 of the Federal Rules of Civil Procedure. (Doc. 27). Mr. Phillips did not respond to that order.

On December 16, 2022, the Magistrate Judge entered a report in which he recommended that the Court grant the defendants' motion for summary judgment on Mr. Phillips's claims against them in their official capacity, construe the defendants' motion for summary judgment on Mr. Phillips's claim of excessive force as a motion to dismiss and grant the motion, and grant the defendants' motion for summary judgment on Mr. Phillips's conditions of confinement and deliberate indifference

claims. (Doc. 31). The Magistrate Judge advised the parties of their right to file specific written objections within 14 days, (Doc. 31, pp. 20-21); to date, the Court has not received objections.

Having reviewed the materials in the Court's electronic docket for this case, the Court adopts the analysis in the Magistrate Judge's report with respect to official capacity claims and, by separate order, will enter judgment for the defendants on Mr. Phillips's claims to the extent that Mr. Phillips asserts those claims against the defendants in their official capacities. (Doc. 31, pp. 9-10). The Court also adopts the analysis in the report concerning exhaustion of remedies and will dismiss without prejudice Mr. Phillips's individual capacity claim concerning a pepper spray incident on February 21, 2021. (Doc. 31, pp. 10-12).

As for Mr. Phillips's individual capacity claim concerning black mold in the Pickens County Detention Center, the Court finds that Mr. Phillips has abandoned the claim, so the Court will dismiss the claim without prejudice. The allegations in Mr. Phillips's complaint concerning black mold in the Pickens County Detention Center are too vague to allow the Court to discern whether the defendants' evidence concerning cleaning procedures at the center adequately rebuts Mr. Phillips's allegations. For purposes of the defendants' motion for summary judgment, the Court accepts Mr. Phillips's assertion that black mold was present at the center, (Doc. 1, pp. 4-7), but in his complaint, Mr. Phillips did not explain where the black

mold was located. Because Mr. Phillips did not respond to the defendants' summary judgment evidence or object to the Magistrate Judge's report, the Court cannot determine whether the cleaning procedures the defendants described in their summary judgment evidence would have addressed mold at the center. Therefore, the Court will dismiss Mr. Phillips's individual capacity claim regarding black mold without prejudice. *See Norman v. Harris*, 2020 WL 4497815 (S.D. Ga. July 6, 2020); *Goines v. Cooks*, 2021 WL 4699457 (S.D. Ala. Sept. 3, 2021). The Court will do the same with respect to Mr. Phillips's individual capacity claim regarding his tooth that broke apart and developed an abscess; Mr. Phillips has abandoned that claim too.[1]

If Mr. Phillips wishes to pursue his individual capacity claim regarding black mold at the Pickens County Detention Center or his dental care at the center, within 14 days, he must file a motion for reconsideration in which he must explain why he did not respond to the Magistrate Judge's order directing him to respond to the defendants' motion for summary judgment or file objections to the Magistrate Judge's report. Mr. Phillips must attach to a motion for reconsideration evidence

---

[1] When Mr. Phillips filed his complaint, he was confined at the Pickens County Detention Center. (Doc. 1). He has since moved to the Hamilton Work Center. (Doc. 17).

that would enable him to oppose the defendants' motion for summary judgment on his black mold claim and/or his dental care claim.[2]

The Clerk of Court shall please mail a copy of this opinion to Mr. Phillips at the Hamilton Work Center address that appears in the record.

**DONE** and **ORDERED** this January 30, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] Should Mr. Phillips choose to ask the Court to reconsider the dismissal of his individual capacity claims concerning mold and dental care, Mr. Phillips should be mindful of the analysis of those claims in the Magistrate Judge's report. (Doc. 31, pp. 15-19).

4